<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| S.A., | : | Civil Action No. 23-465 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff S.A. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. C<small>IV</small>. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning January 1, 2018. A hearing was held before ALJ Ricardy Damille (the "ALJ") on August 20, 2021, and the ALJ issued an unfavorable decision on October 13, 2021. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of October 13, 2021, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain exertional and nonexertional limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on four grounds: 1) at step four, the ALJ failed to consider Plaintiff's medically necessary braces in the residual functional capacity determination; 2) the ALJ did not recognize PTSD as a severe impairment at step 2; 3) at step four, the residual functional capacity formulation does not reflect Plaintiff's headaches, hand tremors, and other ailments; and 4) at step four, the ALJ failed to consider the evidence obtained from Plaintiff's daughter.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of

a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful."  Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.  At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability.  In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff first argues that, at step four, the ALJ failed to consider Plaintiff's medically necessary braces in the residual functional capacity determination.  This argument fails for several reasons.  First, Plaintiff writes as if the ALJ completely ignored Plaintiff's use of wrist braces, which is incorrect.  As the Commissioner points out in opposition, the step four residual functional capacity determination contains several references to evidence about Plaintiff's use of braces.  (Tr. 25.)  The ALJ reported the evidence about Plaintiff's use of braces.

The Court inquires, then: what does Plaintiff contend was the harmful error?  Plaintiff's brief makes only two specific references to evidence of record, both to a one-page report from Dr. Clark-Brown, who stated that she evaluated Plaintiff on October 19, 2017.  (Tr. 536.)   As Plaintiff contends, Dr. Clark-Brown's impression was that Plaintiff had neuropathy at the wrist, consistent with carpal tunnel syndrome, and recommended: "Continue use of resting splint at night-time and as needed during the day."  (Id.)  The only date on the document indicates that it is from a period prior to Plaintiff's disability onset date of January 1, 2018.  The Court need not reach the cases Plaintiff's brief cites, because Plaintiff does not argue that any law requires the ALJ to consider medical evidence that predates the claimed disability onset date.  Plaintiff has

cited no omitted evidence regarding her use of braces during her claimed period of disability.

At step four, the ALJ reviewed the relevant evidence of record, including records from Dr. Clark-Brown from after the disability onset date. (Tr. 25-26.)   The Court finds no basis for Plaintiff's argument that the ALJ erred in his treatment of the evidence regarding Plaintiff's use of wrist braces.  The record shows that the ALJ considered and discussed the relevant evidence.  Plaintiff has pointed to no relevant evidence that was overlooked.  Plaintiff has failed to demonstrate that the ALJ made any error, much less an error that harmed her.

Plaintiff next combines two arguments which are better addressed separately: 1) the ALJ did not recognize PTSD as a severe impairment at step 2; and 2) at step four, the residual functional capacity formulation does not reflect Plaintiff's headaches, hand tremors, and other ailments.  As to the first argument, Plaintiff recognizes that, because the ALJ found seven severe impairments at step two, she could not have been harmed by any failure to recognize PTSD as a severe impairment at that step.

As to Plaintiff's challenge to the step four residual functional capacity determination, Plaintiff's argument does not correspond to the substantial evidence standard of review.  Plaintiff argues: "the ALJ's RFC includes no limitations consistent with headaches, hand tremors, or the nerve damage done to the right side of her body."  (Pl.'s Br. at 20.)  Plaintiff's argument presumes, however, that the RFC *should* contain limitations based on headaches and hand tremors.  The fact that the record contains some evidence of headaches or hand tremors does not, however, give rise to a presumption of disability.  The Court reviews the RFC determination under the substantial evidence standard: the question is not whether there is evidence of record that could conceivably have supported a different outcome, but whether the Commissioner's determination of the RFC is supported by substantial evidence.  Plaintiff has not even attempted

4

to challenge the RFC determination under the substantial evidence standard. Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) ("the threshold for such evidentiary sufficiency is not high.")

This Court is authorized only to review the decision under the substantial evidence standard. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.")  The Third Circuit has held:

> A federal court's substantial-evidence review is "quite limited." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). A court may not weigh the evidence or substitute its own findings for the Commissioner's. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). [Plaintiff's] arguments amount to a request to reweigh the evidence and review the Commissioner's findings and decision *de novo*.

Davern v. Comm'r of Soc. Sec., 660 Fed. Appx. 169, 173-74 (3d Cir. 2016). See also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) ("Neither the district court nor this court is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.") Plaintiff has done no more here than to refer to some evidence that she believes deserved greater weight and ask the Court to reweigh the evidence, which it may not do.[1]

In her third argument, Plaintiff contends that the ALJ gave no explanation of his assessment of the statement of Plaintiff's mother, and that this is reversible error.  Because Plaintiff filed her claim after March 27, 2017, the applicable Regulation states: "We are not required to articulate how we considered evidence from nonmedical sources . . ." 20 C.F.R. §

---

[1] To the extent that Plaintiff argues that the ALJ failed to discuss various things, Plaintiff overlooks the relevant Regulation, 20 C.F.R. § 404.1520c, which applies to claims filed after March 27, 2017.  In brief, this Regulation divides evidence into two groups: medical opinions, and evidence from nonmedical sources.  The Regulation states that the ALJ is "not required to articulate how we considered evidence from nonmedical sources." 20 C.F.R. § 404.1520c(d). The bulk of this Regulation sets forth the rules for the ALJ's treatment of medical opinions. Plaintiff has made no argument that the ALJ's treatment of medical opinions is contrary to the requirements of the Regulation.

404.1520c(d). The ALJ was not required to articulate how he considered the evidence offered by Plaintiff's mother.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that she was harmed by any errors. Plaintiff has not shown that the ALJ erred at step four, has not shown that the evidence supported a decision in her favor, and has made no demonstration of prejudice as required by Shinseki. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

          s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: December 6, 2023